**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CORY A. HAYDOCY, ESQ., *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-816**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM (OPERS), *et al.*,**

**Defendants.**

**ORDER and NOTICE OF DEFICIENCY**

This matter is before the Court for consideration of the named Plaintiffs' Motion for Leave to Proceed *in forma pauperis*. (ECF No. 5.)

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to

proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the named Plaintiffs have paid the filing fee but ask the Court to order the Clerk of this Court to effectuate service of their 127-page Complaint and approximately 722 pages of Exhibits. (ECF No. 1, 5.) Alternatively, the named Plaintiffs ask the Court to allow them to physically serve their Complaint and Exhibits via a USB flash drive. (ECF No. 5.) The named Plaintiffs seek this relief because "traditional paper service" would "impose an undue, excessive, and economically inefficient administrative strain." (*Id.*) But the information set forth in the named Plaintiff's Motion does not demonstrate their inability to pay the costs associated with traditional service. Indeed, the named Plaintiffs do not set forth any information about their financial status at all.

Plaintiffs' Motion is therefore **DENIED WITHOUT PREJUDICE** to refiling with supporting form affidavit. That form is publicly available at: https://www.ohsd.uscourts.gov/sites/ohsd/files//ifp_0.pdf

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE